UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-                                                Case number 11-20345
                                                       Honorable Julian Abele Cook, Jr.

JOSEPH MCMULLIN,

    Defendant.

## ORDER

This case is based on a criminal claim by the United States of America ("the Government") that the Defendant, Joseph McMullin, violated 18 U.S.C. § 922(g)(1) which forbids felons from possessing firearms.

On August 26, 2011, McMullin filed a motion which, if granted, would result in the suppression of the firearm that was found on his body when he was searched by the arresting officers. In his motion, McMullin contends that the firearm was removed from him in violation of the Fourth Amendment to the United States Constitution. Thus, he urges the Court to suppress the introduction of this weapon during any proceedings in this case.

A hearing on McMullin's motion was held on November 21, 2011 and was continued to the following week (November 28, 2011). For reasons that will be stated below, McMullin's motion to suppress will be denied.

I.

At 11:40 during the evening hours on May 3, 2011, a City of Detroit police emergency

operator received a telephone call from an unidentified woman who reported that three people were attempting to break into her home on Rockdale Street in Detroit, Michigan. Two Detroit Police Department officers (Anthony Lyons and Kenneth Hampton), were thereafter forwarded a radio dispatch which advised them of the woman's distress call. In essence, these two officers were informed that (1) a "breaking and entering" criminal offense was in progress at a dwelling on Rockdale Street in Detroit, (2) three people were attempting to break into the caller's front window, and (3) the distressed woman was alone inside of her home.

During the hearings in November 2011, Hampton testified that he and his partner arrived at the Rockdale address a few moments after their receipt of the distressed call, and saw McMullin in front of the distressed woman's home. Without any certainty as to whether he was an innocent citizen or a participant in the alleged criminal activity, McMullin was stopped and briefly questioned by Hampton who performed a safety pat down search which uncovered a firearm his waistband.

II.

In filing this motion, McMullin maintains that the firearm was improperly removed from him because, in his opinion, it was obtained in violation of the Fourth Amendment. The Fourth Amendment provides, in part, that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const., amend. IV. The Sixth Circuit has explained that reported case law authorizes three types of permissible encounters relating to the Fourth Amendment issues between police and citizens; namely, "(1) the consensual encounter, which may be initiated without any objective level of suspicion; (2) the investigative detention, which, if non-consensual, must be supported by a reasonable, articulable suspicion of criminal activity; and (3) the arrest, valid only if supported by

2

probable cause." *United States v. Avery*, 137 F.3d 343, 352 (6th Cir.1997) (internal citation omitted).

In this case, the parties concur that the initial encounter between Hampton and McMullin was an investigative detention from the moment that he was stopped in front of the house on Rockdale Street. McMullin argues that unless Hampton can point to some reasonable suspicion of criminal activity, any evidence seized by him during and after this encounter must be suppressed.

This type of investigative detention is commonly referred to as a *Terry* stop. In *Terry v. Ohio*, the Supreme Court held:

> there must be a narrowly drawn authority to permit a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.

392 U.S. 1, 27 (1968).

The Sixth Circuit has elaborated on how a court can determine if a *Terry* stop was reasonable:

> [t]he reasonableness is determined by examining two factors: (1) whether there was a proper basis for the stop, which is judged by examining whether the law enforcement officials were aware of specific and articulable facts which gave rise to a reasonable suspicion; and (2) whether the degree of intrusion into the suspect's personal security was reasonably related in scope to the situation at hand, which is judged by examining the reasonableness of the officials' conduct given their suspicions and the surrounding circumstances.

*U.S. v. Hardnett* 804 F.2d 353, 356 (6th Cir.1986).

Here, Hampton and Lyons were informed by a police radio dispatcher of a reported criminal offense in progress (i.e., break and entering of a domestic dwelling) by an unidentified woman. Upon their arrival at the scene of the alleged criminal activity, they observed McMullin standing in front of the distressed woman's home. The Supreme Court has held that "an anonymous tip

lacking indicia of reliability . . . does not justify a stop and frisk whenever and however it alleges the illegal possession of a firearm." *Florida v. J.L.*, 529 U.S. 266, 274 (2000). However, the instant case - while providing this Court with some significant foundational information relating to important "stop and frisk" issues - is inapposite to *J.L.*. In *J.L.*, the "tip" at issue came from an unknown caller from an unknown location. In the case at bar, the unnamed caller reported an effort by unknown persons to commit a felony at her home which, arguably, had the potential of endangering the caller's life. Her presence and the location of claimed invasion of the caller's home were recorded by the emergency police operator who, in turn, relayed the vital information to Hampton and Lyons. Further, the Court in *J.L.* noted that "there are situations in which an anonymous tip, suitably corroborated, exhibits sufficient indicia of reliability to provide reasonable suspicion to make the investigatory stop." *Id.* at 270. Several circuits have found this language to hold that a "tip" from an unidentified caller who reports an ongoing emergency is entitled to a higher degree of reliability. *See, e.g.*, *United States v. Brown*, 496 F.3d 1070, 1077 (10th Cir.2007); *United States v. Elston*, 479 F3d 314, 319 (4th Cir.2007); *United States v. Drake*, 456 F.3d 771, 774-5 (7th Cir.2006).

Upon arriving at the scene of the reported criminal activity, and after seeing McMullin in front of the woman's home, this Court believes that it was reasonable for the investigating officers to (1) view him as a potential suspect who may have been involved in the alleged criminal activity on Rockdale Street, and (2) perform a *Terry* stop for their own safety and for the security of other persons within the immediate community.

Moreover, the Court concludes that the degree of intrusion into McMullin's civil liberties was reasonably related in scope to the situation in which these two law enforcement officers found

4

themselves. These law enforcement officers were investigating a potential felony-in-the-making during the late hours of the night. In the opinion of the Court, it was prudent for them to have assumed that McMullin was, or could have been, one of the persons about whom the unidentified caller had complained. In essence, the Court concludes that the scope of intrusion upon McMullin's person was reasonably related to the officers' investigation.

III.

For the reasons that have been stated above, McMullin's motion to suppress the seized firearm is denied.

IT IS SO ORDERED.

Date: <u>December 22, 2011</u>                           <u>S/Julian Abele Cook, Jr.</u>
                                                         JULIAN ABELE COOK, JR.
                                                         United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on December 22, 2011.

                                                         <u>s/ Kay Doaks</u>
                                                         Case Manager